IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:   MARCY ANN MEJIA
                            Debtor                    Case No. **11-41261-13**

**OBJECTION TO COREFIRST BANK & TRUST'S REQUEST FOR DEBTOR TO FILE TAX RETURNS AND STATEMENTS OF INCOME AND EXPENDITURES**

COMES NOW, the Debtor, Marcy Ann Mejia, and hereby objects to the CoreFirst Bank & Trust's Request for Debtor to File Tax Returns and Statement of Income and Expenditures with the Court and Motion to Be Granted Access to the Same (Doc No. 43). In support of this objection, Debtor shows the Court as follows:

1. Debtor incorporates herein by reference the objection, statements, agreements, and authorities filed by the Chapter 13 Trustee in this case (Doc No. 47).

2. Marcy Ann Mejia's income is below the median income.

3. Marcy Ann Mejia's Plan is over 36 months.

4. The unsecured debt owed CoreFirst, as listed in CoreFirst's Proof of Claim No. 7, is $1,640.65.

5. CoreFirst is seeking tax returns for the years prior to the filing of this case, in which Debtor provided to the trustee when the case was filed. The Debtor suggests that if CoreFirst really needed this information, it could request the information from the Trustee. To the best of the knowledge of the Debtor, this has not been done. It is further believed that CoreFirst has done nothing since the confirmation of Debtor's Plan other than filing their claim. It is doubtful that any information has changed since the schedules were filed in this case over three years ago. The Trustee has

asked for copies of the Debtor's income tax return, and if there is any substantial change, then it is anticipated that the Trustee would request an increase in the Plan payments. None has been done at this point.

6. The attorney for CoreFirst never contacted the Debtor's counsel prior to the filing of the Motion to request income and expense information or any other information that might have assisted CoreFirst in their quest for information that they believe they are entitled to, nor did it to protect it's interest.

7. Their request for income and expense statements is unrealistic for the reason that the schedule I and J filed in this case speak for themselves. Once again, it is doubtful there will be any significant changes in the monthly income or expense over the past three years. The request of CoreFirst is not only burdensome to the Debtor, but would in fact be burdensome to Debtor's attorney, and without a doubt would raise the cost of the filing of Chapter 13 cases dramatically.

WHEREFORE, the Debtor requests that the Request and Motion of Corefirst be denied and for such other and further relief as this Court deems just and equitable.

    s/Stanley R. Ausemus
    Stanley R. Ausemus #05967
    STANLEY R. AUSEMUS, CHARTERED
    413 Commercial
    P.O. Box 1083
    Emporia, Kansas 66801
    (620) 342-8717
    Attorney for Debtor

## CERTIFICATE OF SERVICE

This is to certify that on this  25th  day of February, 2015, a copy of the foregoing Debtor's Objection was sent either by the United States Postal Service, or electronically, upon filing using the CM/ECF system to:

Jan Hamilton
P.O. Box 3527
Topeka, Kansas 66601-3527

U.S. Trustee's Office
301 N. Main #500
Wichita, Kansas 67202

U.S. Bankruptcy Court
District of Kansas
240 Federal Building
444 SE Quincy
Topeka, Kansas 66683

David S. Fricke
Executive VP & General Counsel
CoreFirst Bank & Trust
3035 S. Topeka Blvd.
Topeka, Kansas 66611

                                                s/Stanley R. Ausemus
                                                Stanley R. Ausemus
                                                Attorney for Debtor